IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARIEL SEAFOODS OF FLORIDA, INC., JENSEN TUNA, LLC, WATER STREET SEAFOOD, INC., and DAVID WALKER,<br><br>*Plaintiffs*<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, and HOWARD LUTNICK, in his official capacity as Secretary of Commerce,<br><br>*Defendants* | Civil Action No. 25-cv-3117 |

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, Plaintiffs in the above-captioned case respectfully move this Court for a mandatory temporary restraining order and preliminary injunction to compel Defendants National Marine Fisheries Service and Howard Lutnick, in his official capacity as Secretary of Commerce, to issue a temporary rule applying the accountability measure at 50 C.F.R. § 622.41(a)(2)(ii) and closing the Gulf recreational season for greater amberjack.

Plaintiffs further respectfully request expedition in this matter and a hearing as soon as possible. Fed. R. Civ. P. 65(b)(3); LCvR 65.1(d). Time is of the essence because Defendants unlawfully allowed the recreational season for greater amberjack to begin on September 1 of this year, and each passing day means more amberjack are removed from the population illegally.

1

The sooner the Court resolves this motion, the more fish can be left in the water, and the better chance there is of mitigating the damage from Defendants' actions.

As of the time of filing this motion, service of process has been completed on all Defendants. Undersigned counsel further certifies pursuant to LCvR 65.1(a) that copies of this motion, the attached memorandum of points and authorities, proposed order, and all declarations and exhibits, have been submitted via email to the following:

- Individual trial attorneys within the U.S. Department of Justice's Wildlife and Marine Resources Section (Mark.Brown@usdoj.gov and Kamela.Caschette@usdoj.gov), which is the section of DOJ that handles cases of this type on behalf of Defendants Howard Lutnick and National Marine Fisheries Service;
- The front-door email address for the U.S. Department of Justice's Environment and Natural Resources Division (webcontentmgr.enrd@usdoj.gov), which is the division of DOJ containing the Wildlife and Marine Resources Section;
- Individual attorneys within the Office of General Counsel for the National Oceanic and Atmospheric Administration (Monica.Smit-Brunello@noaa.gov, Michael.McLemore@noaa.gov, and Anne.Kersting@noaa.gov), which is the office that provides internal counsel for Defendant National Marine Fisheries Service;
- The front-door email address for the Office of General Counsel for the Department of Commerce (GeneralCounsel@doc.gov), which is the office that provides internal counsel for Defendant Howard Lutnick.

If Defendants file an appearance and opposition to this motion, Plaintiffs withdraw the temporary restraining order aspect of the motion and respectfully request it be treated solely as an application for preliminary injunction under Fed. R. Civ. P. 65(a) and LCvR 65.1(c), with

expedition under LCvR 65.1(d). In such an instance, Plaintiffs believe it would be appropriate to consolidate the preliminary injunction stage with the merits, under Fed. R. Civ. P. 65(a)(2).

If Defendants do not appear or oppose this motion, Plaintiffs respectfully request that it be treated as both a motion for temporary restraining order pursuant to Fed. R. Civ. P. 65(b) and LCvR 65.1(a), as well as an application for preliminary injunction pursuant to Fed. R. Civ. P. 65(a) and LCvR 65.1(c). In this situation, Plaintiffs urge this Court to grant the motion for temporary restraining order and then schedule a hearing as soon as possible afterward to address the application for preliminary injunction, under R. Civ. P. 65(b)(3).[1]

As explained in the attached memorandum of points and authorities, Plaintiffs are entitled to a mandatory temporary restraining order or mandatory preliminary injunctive relief because they have a high likelihood of prevailing on the merits, they are likely to suffer irreparable harm

---

[1] Under this scenario, Plaintiffs believe it would be appropriate for the Court to set the duration of the temporary restraining order at 14 days, *see* Fed. R. Civ. P. 65(b)(2), and then order responsive briefing from Defendants and a hearing within that 14-day period to determine whether a preliminary injunction should issue. The temporary restraining order would serve to compel Defendants immediately to file notice with the Office of the Federal Register as required under 50 C.F.R. § 622.41(a)(2)(ii), and close the recreational season according to the terms of the accountability measure contained therein. Should the Court subsequently conclude, after further briefing and a hearing, that Plaintiffs actually are not entitled to relief and denies their application for a preliminary injunction, the temporary restraining order would be dissolved and Defendants would be free to file a notice with the Office of the Federal Register reversing the action and allowing the recreational season to re-open.

in the absence of preliminary relief, and the balance of equities and public interest favor an injunction. Factual support is attached to this motion in the form of declarations and exhibits, and a proposed order is attached as well.

Because a preliminary injunction here presents no monetary risks to Defendants, Plaintiffs request that bond be set at $1.00. *See* Fed. R. Civ. P. 65(c). "Courts in this Circuit have found the Rule 'vest[s] broad discretion in the district court to determine the appropriate amount of an injunction bond,' including the discretion to require no bond at all." *P.J.E.S. by & through Escobar Francisco v. Wolf*, 502 F. Supp. 3d 492, 520 (D.D.C. 2020) (quoting *Simms v. District of Columbia*, 872 F. Supp. 2d 90, 107 (D.D.C. 2012) (further quotation omitted)); *see also DSE, Inc. v. United States*, 169 F.3d 21, 33 (D.C. Cir. 1999) (similar).

Specifically, Plaintiffs' counsel is a solo practitioner who takes on public interest cases in fishery management, and has no ability to post a substantial bond. And Plaintiffs, for their part, already face the prospect of financial losses due to Defendants' actions. As explained in the attached Memorandum of Points and Authorities, this case presents a situation where Defendants violated their own unambiguous and mandatory regulations, and are allowing harm to the Gulf greater amberjack stock. Defendants will incur no financial costs if they are enjoined to follow their regulations, and it would not further justice to place a heavy financial burden on Plaintiffs for trying to hold Defendants to account. *See, e.g.*, *N. Am. Bldg. Trades Unions v. Dept. of Def.*, No. 1:25-cv-1070-RC, at 32-33 (D.D.C. May 16, 2025) ("Where the risk of financial harm is speculative at best and where a bond would have a chilling effect on access to justice, the balance of equities firmly supports waiving the bond."); *see also Nat'l Council of Nonprofits v. Office of Mgmt. & Budget*, 775 F. Supp. 3d 100, 130 (D.D.C. 2025) (similar); *Am. Oversight v. Hegseth*, No. 1:25-cv-883-JEB, at 26-27 (D.D.C. Jun 20, 2025) (noting recent ambiguity from

D.C. Circuit about permissibility of a zero dollar bond, and as such requiring a nominal $1.00 bond); *J.G.G. v. Sanchez*, No. 1:25-cv-766-JEB, at 67-69 (D.D.C. Jun 04, 2025) (same).

Dated:  September  21, 2025               Respectfully submitted,

/s/ Seth Atkinson
Seth L. Atkinson (Bar ID CA00190)
Quillback Consulting
348 Nobel Drive
Santa Cruz, CA 95060
(203) 331-2792
seth@quillbackconsulting.com

*Attorney for Plaintiffs*